UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEVONDRAE WILLIAMS,

Plaintiff(s),

v.

SAFEWAY INC., et al.,

Defendant(s).

CASE NO. C26-2889-KKE

ORDER DECLINING TO ISSUE SUMMONS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND

Plaintiff filed this action, representing himself, alleging that he experienced employment discrimination when he was not hired for a job at Defendant Safeway, Inc. Dkt. No. 4. Plaintiff's motion to waive the filing fee was granted, and he now requests that the Court issue summons. Dkt. Nos. 3, 7.

Before the Court will issue summons, the Court screens Plaintiff's complaint to determine whether it fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff is representing himself, the Court shall construe his pleadings liberally. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). Regardless, his complaint must still include factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When dismissing a complaint under § 1915, courts give *pro se* plaintiffs

leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff alleges that he is the target of a racist organization that intends to prevent him from obtaining employment. Dkt. No. 4 at 4. He contends that Safeway conspired with this organization when it decided not to hire him for three positions he applied for in December 2025. *Id*. at 5, 7. The complaint also notes that when he visited a Safeway store months later, the manager followed him around the store. *Id*. at 7.

Plaintiff fails to allege sufficient facts to allow the court to draw a reasonable inference that Safeway is liable for employment discrimination on the basis of race. "A prima facie case of discriminatory failure to hire requires a showing that: (1) [plaintiff] belongs to a protected class; (2) he was qualified for the position; (3) he was rejected despite his qualification; and (4) the position remained open." *Millsaps v. Pinal Cnty. Superior Ct.*, 494 F. App'x 821, 823 (9th Cir. 2012). Plaintiff alleges that he is Black and qualified for the positions for which he applied, but does not allege that the positions remained open or that they were filled by applicants of other races. Plaintiff's conclusory statements alleging racial discrimination are insufficient.

It also appears that although Plaintiff may have filed a charge of discrimination with the Equal Employment Opportunity Commission in May 2026, he has not shown that he has received a right-to-sue letter in response. Dkt. No. 4 at 7, 8–10. Thus, his administrative remedies may not yet be exhausted.

For these reasons, the Court finds that Plaintiff's complaint, even construed liberally, does not state a claim upon which relief can be granted. Accordingly, the Court rules as follows:

(1) Plaintiff's complaint is DISMISSED with leave to amend. No later than November 20, 2026, Plaintiff may file an amended complaint to correct the issues discussed in this order. An amended complaint operates as a complete substitute for the original

complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If no amended complaint is timely filed, the Court will close this case.

(2) Plaintiff's motion for issuance of summons with respect to the original complaint is DENIED without prejudice. Dkt. No. 7. If an amended complaint is filed that cures the Court's concerns, then the Court will direct the clerk to issue summons at that time.

(3) The clerk is directed to send Plaintiff the appropriate forms for filing an employment discrimination complaint, a copy of this order, and the Pro Se Guide to Filing Your Lawsuit in Federal Court.

Dated this 20th day of October, 2026.

Kymberly K. Evanson
United States District Judge